IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-115-D

| | | |
|---|---|---|
| SHAHNAZ POURSAIED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SUMMERMILL AT FALLS RIVER-<br>BANNER APARTMENT BUILDINGS, | ) | |
| | ) | |
| Defendant. | ) | |

On May 24, 2018, Summermill at Falls River-Banner Apartment Buildings ("Summermill" or "defendant") moved to enforce a settlement agreement with Shahnaz Poursaied ("plaintiff" or Poursaied") and to dismiss the action with prejudice [D.E. 38] and filed a memorandum in support [DE. 39]. On June 6, 2018, Poursaied moved to dismiss defendant's motion, requested summary judgment, and attached the original settlement check. See [D.E. 40]. As explained below, the court grants Summermill's motion to enforce, enforces the settlement agreement, denies Poursaied's motion to dismiss, directs the clerk to send the settlement check to Poursaied, and dismisses the action with prejudice.

On March 2, 2017, Poursaied filed suit alleging various federal and state claims against Summermill. See [D.E. 1]. On April 2, 2018, the parties participated in a settlement conference, and Poursaied agreed to a stipulation of dismissal with prejudice in exchange for a payment of $22,500.00. See [D.E. 39-2]; [D.E. 39-3]. On April 4, 2018, Summermill sent a proposed stipulation of dismissal with prejudice to Poursaied for her signature. See [D.E. 39-5]. On April 16,

2018, Summermill mailed a $629.00 check to Wake Radiology to satisfy a lien on the settlement funds. See [D.E. 39-7]. On April 16, 2018, Summermill mailed a check for $21,871.00 to Poursaied, constituting the balance of the $22,500.00 settlement payment. See [D.E. 39-8]. On April 18, 2018, Poursaied informed Summermill that she was unwilling to comply with the terms of settlement agreement, unwilling to sign the stipulation of dismissal with prejudice, and intended to return the settlement check. See [D.E. 39-9].

"[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002). Before the district court enforces a settlement agreement, it must make two inquiries. See Moore v. Beaufort Cty., 936 F.2d 159, 162 (4th Cir. 1991). First, the court must determine whether the parties in fact agreed to settle the action. See id. Second, the court must discern the terms of the settlement. See id. If the parties agreed to settle the action and the terms are clear, a district court may enforce the settlement agreement. See id.; Hensley, 277 F.3d at 540; Millner v. Norfolk & W. Ry., 643 F.2d 1005, 1009 (4th Cir. 1981).

Here, the parties agreed to settle this action, executed a settlement agreement, and executed a release of all claims. See [D.E. 39-2]; [D.E. 39-3]. Moreover, the settlement agreement's terms are clear: in exchange for defendant's payment of $22,500.00, plaintiff agreed to dismiss the action with prejudice. See [D.E. 39-2]; [D.E. 39-3]. Defendant has complied with its obligation under the settlement agreement. Plaintiff has not.

In sum, defendant's motion to enforce settlement and dismiss the action [D.E. 38] is GRANTED, plaintiff's motion to dismiss [D.E. 40] is DENIED, and this action is DISMISSED with prejudice. The clerk SHALL return the $21,871.00 check to plaintiff Shahnaz Poursaied along with

a copy of this order. Plaintiff's motion to compel [D.E. 27] is DISMISSED as moot. The clerk shall close the case.

SO ORDERED. This 7 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge